# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB TRUSTEE D/B/A MCCARTHY & HOLTHUS, LLP,<br><br>Plaintiff,<br><br>v.<br><br>ROY EL,<br><br>Defendant. | Case No. 2:19-cv-01852-KJD-DJA<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Strike ECF No. 6 (ECF No. 9) filed on November 6, 2019. Defendant filed a Response (ECF No. 17) on November 22, 2019. This matter is also before the Court on Plaintiff's Motion to Stay Discovery (ECF No. 11) filed on November 6, 2019. Defendant's Response was due on November 20, 2019. To date, no response has been filed.

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff requests that the Court strike Defendant's filing ECF No. 6, that requests discovery. It represents that the Fed.R.Civ.P. 26(f) conference has not yet been conducted and thus, discovery has not been opened and a discovery plan and scheduling order has not yet been entered. (ECF No. 9, 3). Further, Plaintiff argues that the filing contains immaterial, impertinent, or scandalous material that qualifies under Fed.R.Civ.P. 12(f) to be stricken. (*Id.* at 3-4). Defendant claims that he is entitled to a nationality, but fails to respond to the substance of the Motion. (ECF No. 17, 2). As such, the Court finds it is warranted to strike ECF No. 6 as an immaterial and impertinent filing under Rule 12(f).

Plaintiff also requests that the Court stay discovery because the Court lacks subject matter jurisdiction and has filed a pending Motion to Remand on that basis. Defendant's failure to file points and authorities in response to the Motion to Stay "constitutes a consent to the granting of the motion." LR 7-2(d). Moreover, the Court finds good cause to grant the stay of discovery pending the resolution of Plaintiff's Motion to Remand (ECF No. 3).

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).

Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue

a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted).

After taking a preliminary peek at the pending Motion to Remand (ECF No. 3), the Court finds that Plaintiff has carried its heavy burden of establishing that discovery should be stayed. The issues before the Court in the pending Motion to Remand do not require further discovery as the Motion has been fully briefed and if granted, this case would be remanded to state court. As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike ECF No. 6 (ECF No. 9) is **granted**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Discovery (ECF No. 11) is **granted**.

IT IS FURTHER ORDERED that in the event the Motion to Remand (ECF No. 3) is not granted, the parties shall file a stipulated proposed discovery plan and scheduling order no later than seven days after a decision has been issued by the court.

DATED: November 25, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE